[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-12541
Non-Argument Calendar

_____

D.C. Docket No. 5:19-cr-00008-JDW-PRL-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MANUEL HERNANDEZ-URIETA,
a.k.a. Manuel Hernandez,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(February 6, 2020)

Before MARTIN, ROSENBAUM, and GRANT, Circuit Judges.

PER CURIAM:

Manuel Hernandez-Urieta appeals his 24-month sentence for illegal reentry into the United States, arguing that his sentence is substantively unreasonable. We disagree and affirm.

I.

Hernandez-Urieta, a citizen of Mexico who had been deported from this country—multiple times—in 2006, was found in Florida in December 2018. He entered a guilty plea to illegally reentering the United States in violation of 8 U.S.C. § 1326(a). Hernandez-Urieta had two prior convictions for entering the United States illegally in 2006, and he had been caught attempting to enter the United States illegally on three other occasions (also in 2006), although he was not prosecuted for those entries. He also had three prior convictions for driving under the influence ("DUI") in 2000, which offenses involved leaving the scene of an accident, resisting arrest, and providing a false name to police. After his third DUI offense, Hernandez-Urieta reportedly violated his probation by absconding without paying costs or complying with the other terms of his release.

Because Hernandez-Urieta's previous illegal-entry and DUI offenses occurred more than 10 years before his 2018 offense, they were not counted when determining his criminal history category for sentencing purposes. At sentencing, the district court calculated Hernandez-Urieta's Sentencing Guidelines range as 0–

6 months' imprisonment, based on his offense level (6) and criminal history category (I).  The district court determined that the Guidelines range was "completely unreasonable" given Hernandez-Urieta's past removals and prosecutions for illegal entry and sentenced him to the maximum statutory term of 24 months' imprisonment followed by one year of supervised release.  The court explained that Hernandez-Urieta posed a danger to the public based on his multiple prior DUI offenses, leaving the scene of an accident, failure to appear in court, and providing a false name to law enforcement.  The court acknowledged the application of the sentencing factors in 18 U.S.C. § 3553(a) and found that a sentence of 24 months appropriately reflected the seriousness of the offense, promoted respect for the law, acted as a deterrent, and protected the public.

## II.

On appeal, Hernandez-Urieta argues that his 24-month sentence is substantively unreasonable because it is four times greater than the advisory Sentencing Guidelines range, and because the district court unreasonably relied on Hernandez-Urieta's unscored criminal history.  We review the substantive reasonableness of a sentence for an abuse of discretion, regardless of whether the sentence is within or outside the Guidelines range.  *Gall v. United States*, 552 U.S. 38, 51 (2007).  In evaluating the substantive reasonableness of a sentence, we consider "the totality of the circumstances, including the extent of any variance

3

from the Guidelines range." *Id.* We will vacate a sentence as substantively unreasonable only if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (citation omitted).

A district court must select a sentence that is "sufficient, but not greater than necessary" to reflect the seriousness of the offense, promote respect for the law, provide just punishment, deter criminal conduct, protect the public, and efficiently provide the defendant with needed education or correctional treatment. 18 U.S.C. § 3553(a). In determining the appropriate sentence, the district court must also consider "(1) the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the kinds of sentences available;" (3) the applicable Sentencing Guidelines range; (4) pertinent policy statements of the Sentencing Commission; (5) the need to avoid sentencing disparities among similarly situated defendants; and (6) any need for restitution to victims. *Id.* "A district court abuses its considerable discretion and imposes a substantively unreasonable sentence only when it '(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the

4

proper factors.'" *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015) (quoting *Irey*, 612 F.3d at 1189)).

Here, the district court did not abuse its discretion in imposing the statutory maximum sentence, given Hernandez-Urieta's history of repeated illegal entries and deportations, as well as his history of driving under the influence while in this country. The district court adequately explained its upward variance by noting that the Guidelines range did not account for this history and that the maximum sentence of 24 months' imprisonment was necessary to serve the statutory purposes of sentencing. We cannot assume that an upward variance from the Guidelines range renders the sentence unreasonable, but must give due deference to the district court's assessment of the § 3553(a) factors. *Gall*, 552 U.S. at 51. And to the extent that the district court relied heavily on one sentencing factor—Hernandez-Urieta's history and characteristics and the circumstances of his offense—in determining the appropriate sentence, it was within the court's discretion to do so. *See Rosales-Bruno*, 789 F.3d at 1254; *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007). Hernandez-Urieta's conviction and sentence are therefore

**AFFIRMED.**